IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAWN HARDESTY | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-12-1565 |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | ****** | |

## MEMORANDUM

Dawn Hardesty has filed this action against the United States asserting a claim for personal injuries she suffered as the result of a motor vehicle accident that occurred on December 11, 2008. The other vehicle involved in the accident was driven by Alexander Dankanich, an employee of the Pipeline and Hazardous Materials Safety Administration, a sub-department of the United States Department of Transportation. Defendant has filed a motion to dismiss. The motion will be granted.

Plaintiff initially sued Dankanich in the Circuit Court for Prince George's County, Maryland on September 16, 2011. The United States removed the law suit to this court, and filed a motion to have itself substituted as the defendant in place of Dankanich. *Hardesty v. United States*, Civil No. 3646. The United States then filed a motion to dismiss on the ground that plaintiff had not filed any administrative claim as required by the Federal Tort Claims Act. I granted the motion. After the dismissal of her action, plaintiff did file an administrative claim and, when that claim was denied, filed the present action.

Plaintiff appears to have been under the impression that Dankanich was not acting within the scope of his employment when he was involved in the motor vehicle accident in which she was injured. She asserts that she did not know until the United States moved to have itself

1

substituted as a defendant for Dankanich that Dankanich was acting within the scope of his employment.  Therefore, she argues that her claim did not accrue until she learned of the substitution.  Because she filed an administrative claim shortly after she learned of the substitution, and because she filed this action shortly after the administrative claim was denied, she contends that her present action is timely under 28 U.S.C. §2679(d)(5).

Unfortunately for plaintiff, this court lacks subject matter jurisdiction over this action just as it lacked subject matter jurisdiction over plaintiff's earlier action.  As this court stated in its earlier memorandum opinion, "the law is clear that as a general rule a tort claim accrues at the time of plaintiff's injury, even if she is ignorant of the defendant's status as a federal employee at that time."  Civil No. 11-3646, Document 16, at 2.  I cited *Gould v. U.S. Department of Health and Human Services*, 905 F.2d 738 (4th Cir. 1990), in support of this proposition, and *Gould* remained good law.  Thus, because plaintiff's earlier action was filed long after the time required by the Federal Tort Claims Act for the filing of an administrative claim, 28 U.S.C. §2679(d)(5) provides no benefit to plaintiff.

A separate order of dismissal is being entered herewith.


Date:  July 18, 2012			____/s/_____
					J. Frederick Motz
					United States District Judge